[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 380.]

THE STATE EX REL. BEA ET AL., APPELLEES, *v.* KROGER COMPANY,
APPELLANT.

[Cite as *State ex rel. Bea v. Kroger Co.*, 2000-Ohio-184.]

*Workers' compensation—Denial by Industrial Commission of claimant's motions
seeking reinstatement of temporary total disability compensation—Court
of appeals' return of cause to commission for further consideration and
amended order affirmed.*

(No. 99-459—Submitted August 22, 2000—Decided December 20, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD11-1523.

———————————

{¶ 1} Appellee-claimant, Charlene Bea, was injured on July 2, 1994, while
working for appellant Kroger Company, a self-insured employer. Kroger certified
her claim, the application for which described her injury as "strained back, neck
and legs." Appellee Industrial Commission of Ohio, however, has consistently
listed the allowed conditions as "acute lumbosacral sprain."

{¶ 2} Claimant initially missed two and one-half weeks of work and
received temporary total disability compensation benefits ("TTC") from Kroger.
She returned and continued to work until March 17, 1996, when her industrial
injury again forced her from work. Kroger immediately began paying TTC.

{¶ 3} In July 1996, claimant's attending physician, Dr. C. Duane Bellamy,
submitted a C-84 request for TTC.[1] The C-84 request certified claimant as unable
to return to her former position of employment. Dr. Bellamy left blank a space in
which to record "narrative diagnosis(es) for allowed conditions being treated which
prevent return to work." He did, however, list under the headings "objective and

---

1. The first page of this two-page form is dated July 10, 1996, and the second July 29, 1996. The
parties variously refer to it by both dates. The July 10 date will be used here.

subjective findings" "restricted trunk and leg range of motion" and low back pain, respectively.

{¶ 4} Dr. Bellamy also prepared a narrative report on the same date. Under the heading "impression," he wrote:

"1. Chronic cervical sprain/strain resulting in chronic myofascial soreness and tenderness in the upper back musculature and resulting in chronic pain in the upper extremities.

"2. Chronic lumbar sprain/strain. Although Ms. Bea describes radiation of pain into both legs, there is no indication on physical examination or on previous diagnostic work-up of a radiculopathy.

"3. Chronic pain syndrome. Ms. Bea displays many of the features of chronic pain syndrome including pain which has persisted for 2 years after an injury and has not responded to conservative therapy. The pain is interfering with her ability to function at home and in the work-place. She also shows signs of depression, poor sleep pattern, the development of a dependent personality, and generalized physical deconditioning."

{¶ 5} On August 24, 1996, Kroger stopped paying TTC. Approximately two months later, claimant filed dual motions with the commission seeking TTC reinstatement. She offered in support Dr. Bellamy's October 14, 1996 request, which, for the first time, listed "lumbosacral sprain/strain" as the sole cause of disability.

{¶ 6} A December 4, 1996 hearing before a district hearing officer ("DHO") held the issue in abeyance while claimant, who was at that time unrepresented, obtained additional evidence sought by the hearing officer. Three months later, claimant's motions were denied.

{¶ 7} "[B]ased on evidence that the claimant's disability is due to several non-allowed conditions including 'CERVICAL SPRAIN, CHRONIC PAIN

2

SYNDROME, DEPRESSION' * * * the claimant cannot be found disabled due to the allowed claim."

{¶ 8} A staff hearing officer affirmed, finding the subsequent letter from Dr. Bellamy to be unpersuasive. Further appeal was refused by the commission.

{¶ 9} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying TTC. The court found that the commission may have abused its discretion in refusing to pay TTC, given Dr. Bellamy's October 14, 1996 C-84, which the court feared the commission had overlooked. It thus returned the cause to the commission for further consideration and amended order.

{¶ 10} This cause is now before this court upon an appeal as of right.

———————————

*Thompson, Meier & Dersom* and *Thomas D. Thompson*, for appellee Bea.

*Betty D. Montgomery*, Attorney General, and *Jon D. Grandon*, Assistant Attorney General, for appellee Industrial Commission.

*Porter, Wright, Morris & Arthur* and *Karl J. Sutter*, for appellant.

———————————

***Per Curiam.***

{¶ 11} Kroger certified claimant's initial C-50 workers' compensation claim application for "strain of legs, back and neck"—the latter two encompassing the cervical back area. Commission orders, however, have uniformly listed "acute lumbosacral sprain" as the only allowed condition. It is unclear why this is so, and we find that this lack of clarity hinders further review.

{¶ 12} Dr. Bellamy stated that a chronic pain syndrome arising from claimant's neck/upper back was interfering with her ability to work. If cervical strain is an allowed condition, then there is no basis for the allegation that nonallowed conditions are contributing to claimant's inability to return to her

former position of employment.[2]  If it is not a part of the claim, however, Kroger's assertions may have merit.  We, therefore, find further consideration to be critical.

{¶ 13} The judgment of the court of appeals is affirmed, and the cause is returned to the commission for further consideration and clarification.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

2.  We recognize that the DHO's order cites Dr. Bellamy's reference to "depression" as well, but that clearly is just a passing observation on the doctor's part.  Nothing in Bellamy's July 10, 1996 narrative implies that claimant has an emotional condition that is contributing to an inability to work.